Opinion of the court by
Mr. Chief Justice Shareev :
The rejection of this testimony is now assigned for error. If the facts disclosed constituted a good defence, and the evidence was in itself unobjectionable, it should of course have been admitted.
The right which was set up under the judgment and execution in ejectment cannot be maintained, for admitting it to be true that what is lawfully done towards executing a judgment which is afterwards reversed, still neither judgment or execution in ejectment could confer a title to personal property. If indeed the title to the land and right of possession had been finally settled in favor of Harris, the action could not be .maintained, because being owner of the timber before it was cut into wood, he would own the wood also; but as the judgment was reversed, the rights of *658 the parties stood precisely as they did before it was rendered, at least in reference to all things which had transpired before the rendition of the judgment, and the wood it seems was cut befdre judgment, whilst Newman was in possession of the land. As the judgment could have no weight, after it was reversed, in settling the rights of the parties as they stood before it was rendered, it was properly rejected, and for the same reason the writ of habere, facias possessionem was also properly ruled out. And even if the wood had been delivered with the land under the Avrit of possession, Newman was restored to his rights by the reversal of the judgment; for when a judgment is executed by taking a specific thing which is not sold, the party is to be restored to that thing by writ of restitution, when the judgment is reversed. When the judgment was reversed and restitution awarded, the parties were in the same condition as though it never had been rendered.
It seems also that the defendant offered in evidence a deed from Foster to himself and Joseph R. Plummer, for the land which had been the subject of controversy. The object of this testimony is manifest. When trees are severed from the soil and converted into wood or other material, the right of the owner of the trees is not divested so long as identity can be given to the material in its altered state. If the defendant therefore was owner of the soil and the trees, he was also owner of the Avood, and as mere possession does not entitle the possessor to an action of trespass against the true owner, the same rule may Avith propriety be applied when the trespass is waived and trover is brought. Possession or a qualified right is sufficient, except as against the true OAvner. If Harris had title to the land and the right of possession, he had a good defence, otherwise a mere trespasser might in this form of action recover against the rightful owner.
This part of the evidence, however, is not before us to enable us to judge of its competency. The deed is not set out, nor are the reasons urged for its rejection. The bill of exceptions merely informs us that: “The defendant then offered to read before the jury, the deed of Hugh Foster to defendant and Joseph R. Plum-mer, to show defendant’s legal right and title to the land aforesaid, but the counsel for the plaintiff objected, and the court sustained *659 the objection and refused the evidence.” We have uniformly held that to enable us to judge of the admissibility of evidence, it must be set out in a bill of exceptions. Even the objections made to. the deed are not shown. It may have been rejected for want of proof, or for a defect in its execution, ■■ or for ambiguity, or for some other defect fatal to its validity as a deed. A presumption is to be indulged that the court below acted correctly, and he who complains of its errors must show them. The deed should have been inserted in the bill of exceptions, and then we could have judged of its admissibility. The case of Townsend v. Blewett, cited by counsel, to show that the court will presume that it was a sufficient deed, differed materially from this case. There the deed was admitted and read to the jury, and although it was not set out in the bill of exceptions, in our comments it was treated as a sufficient deed. The fact that it had been admitted by the court as competent evidence was a circumstance in its favor. A fair presumption arose from its being received, that it was unobjectionable. In this case the rejection of the deed, furnishes a ground for a presumption that it was defective.
The judgment must be affirmed.